| Oliver Waterman | |
| vs. | No. 67505. |
| George W. Sabre | |

May 19, 1932.

CHURCHILL, J. Heard jury trial waived.

The plaintiff brought suit in assumpsit to recover the sum of $3,500 received by the defendant which the plaintiff claims he is not entitled to retain, and also the sum of $43.13 for

labor and materials furnished the defendant.

This suit was begun on March 16, 1926. On December 9th, 1930, the Rhode Island Hospital Trust Company and George S. Stone, guardians of the estate of the defendant, were added as parties defendant. Res adjudicata and set-off have been pleaded to the demand.

The plaintiff was a contractor and builder. The particular transaction involved in this case took place on March 27, 1920. Property consisting of a house and lot on Detroit Avenue in Providence stood in the name of Sabre, who had loaned some $1,100 to the plaintiff in the course of construction. Title in Sabre was by way of security. At the same time the plaintiff stood indebted to Sabre on a note for $2,000 secured by a mortgage on property on Broad Street.

The property on Detroit Avenue was sold on March 27, 1920, for $4,500, of which $1,000 was paid to the plaintiff, Sabre retaining $3,500. A document was signed by the defendant on this date reciting the fact that the property had been conveyed; that the consideration for the same was $1,000 in cash paid to Oliver Waterman, $1,000 in cash paid to Geo. W. Sabre and a mortgage note for $2,500, and contained the following clause: "I hereby agree to place the amount of cash and note to the credit of Oliver Waterman on an unsettled, account." Another document on the same date was signed by the plaintiff and recited among other things that "the balance of $3,500 was delivered to Geo. W. Sabre, who placed that amount to my credit on an unsettled account." The only amount, in fact, owed by the plaintiff to the defendant at that time was under a mortgage note of $2,000 on property on Broad Street. This latter mortgage was paid and discharged on May 12, 1925.

No part of the $3,500 retained by the defendant has ever been paid to the plaintiff.

The plaintiff testified that at the time of the transaction in 1920, he had never been able to get any statement from Sabre as to how the account stood between them; that he did not know how any of their transactions stood until a Master's report in an accounting was filed much later than March 27, 1920; that he had made frequent demands for statements from the defendant, Sabre, but had never succeeded in getting one, and that Sabre refused to convey the property on Detroit Avenue unless he was allowed to retain $3,500 of the purchase price. Plaintiff further testified that he had demanded repayment from Sabre of the $3,500.

The Court finds on all the facts that the defendant retained from the purchase price of $4,500, $3,500 on representations made by the defendant that the plaintiff was indebted to him; that at that time the only amount the plaintiff owed defendant was on a note for $2,000 secured by a mortgage and that such note was paid by the plaintiff in full before the commencement of the present action; that the plaintiff allowed the defendant to retain the sum of $3,500 under a mistake of fact in respect to the state of the account between plaintiff and defendant and in reliance on the representations of the defendant; and the Court further finds that the plaintiff was not guilty of any negligence in not ascertaining the correct state of the account between the parties at that time, and that the defendant, Sabre, refused to convey the property at the request of the plaintiff unless he, the defendant, was allowed to retain $3,500, and that demand was made prior to the institution of this suit for a return of the amount retained by Sabre.

On such a state of facts, the plaintiff has made out a prima facie case.

Woodard, Quasi-Contracts, pages 12 to 18 and cases cited therein; in particular, *Kelly* vs. *Solari*, 9 Mess. & Wels. 54.

It was not denied that the materials had been supplied and work done to the amount of $43.13.

## RES ADJUDICATA

This plea sets out the final decree in a suit in equity between the same parties, which adjudged that Sabre was indebted to the plaintiff in the sum of $4,705.71; that such decree was entered on December 31, 1930, and that the bill of complaint under which the decree was filed embraced the same transactions which were included in the action at law. (*Oliver Waterman* vs. *George W. Sabre*, Eq. No. 7179).

The plea makes it necessary to explore the record in the equity cause.

The scope of the judgment or decree as to the precise matters involved when res adjudicata is pleaded is open to examination by the Court.

*Perkins* vs. *Kirby*, 39 R. I. 345;

*Randall* vs. *Carpenter*, 25 R. I. 641.

The bill was filed on February 15, 1925. It prayed for relief in respect to three lots of land, title to which was in the respondent. The particular lot involved in the transaction of March 27, 1920, was not embraced in the bill. It was alleged that the complainant Waterman had purchased the lots from the respondent Sabre and that he had a beneficiary interest therein; that he had built houses thereon and had repaid the respondent for all moneys advanced by him, but that the respondent refused to convey the property and had interfered with the possession of the complainant.

The bill prayed for conveyances and that certain mortgage notes and mortgages be declared null and void.

The bill covered transactions between 1897 and 1915. The answer set up that respondent Sabre held title by way of security for loans made; that the respondent held notes of the complainant amounting to $14,116.71, and set up the existence of a running account between the parties, and prayed for an accounting.

The answer did not set forth the dates of maturity of the notes.

The decree of reference to the Master was entered June 3, 1925 to "take a mutual account of all the dealings and transactions between the parties" and to report "what * * * upon the balance of said account shall appear to be due to either of them from the other."

When the case came before the Master, he found on the frame of the bill and answer and decree of reference that "the difference * * * between the parties is in the amount of the balance due from one to the other, especially on January 28, 1915."

One account as filed ended on January 20, 1915, while the amended account as filed by Sabre ran until May, 1925, and included the period of time during which the transactions in the instant case took place.

The Master, on the pleadings and decree of reference, took and stated an account up to and as of January 25, 1915, and specifically excluded as outside the scope of his findings any transactions after that date, as not being before him and as eliminated by the pleadings. He specifically ruled that such matters were more properly the subject of actions at law which were still pending between the parties. The report was filed on November 1, 1930, and at that time the instant case was pending. The final decree was entered confirming the report on December 31, 1930. No appeal was prosecuted and the decree now stands in full force and effect.

The respondent argues in support of his plea that, inasmuch as there were transactions between the parties from a period previous to 1915 and down to and embracing the transactions in the case at bar in 1920 and beyond that time, it was, therefore, a case of a

running account which could not be split and that the accounting set forth has determined once and for all the amount due between the parties up to a date after the time of the transactions involved in the case at bar.

In support of this argument counsel rely on *Corey* vs. *Miller*, 12 R. I. 337, and *Potter* vs. *Harvey*, 34 R. I. 71.

*Corey* vs. *Miller* involved an ordinary book account and in dealing with the precise point before it, the Court held that an account is so far treated as one entire demand, unless there is something in the course or nature of the dealings between the parties, or in the mode in which it is kept, to indicate the contrary intention, that it cannot be severed for the purpose of bringing different suits on its different parts.

In *Potter* vs. *Harvey*, 34 R. I. 71, a physician's bill for services was involved. The Court held in the absence of special circumstances that it was an open and a continuous running account and that it could not be split.

Was the alleged account between the parties in the instant case of such a character that it was indivisible, therefore precluding plaintiff from recovery based on the facts found by this Court to exist on March 27, 1920, in relation to the Detroit Avenue property?

The plaintiff in his bill prayed for equitable relief in respect to three pieces of property. The Detroit Avenue property was not embraced in this prayer for relief. The bill, moreover, sets up contracts or agreements with the defendant in respect to the three pieces of land involved. The defendant in his answer, as construed by the Master and by the Court in its final decree, confined the issue between the parties as shown by the pleadings to the land involved in the bill and to an accounting up to 1915. In other words, by the decree of the Court in the equity case, the defendant himself treated the transactions involved up to 1915 as

separate and divisible from those of 1920 by his answer.

Furthermore, and apart from the findings in the equity cause, the contracts, transactions and agreements relied on by the plaintiff in his bill are separate and divisible, and not of the same character as the transaction of March 27, 1920, and far different from a mere book account involved in *Corey* vs. *Miller*, 12 R. I. 337, and *Potter* vs. *Harvey*, 34 R. I. 71.

The case falls within the reasoning of *Frost* vs. *International Rubber Co.*, 37 R. I. 476.

The plaintiff had distinct claims, one for violation of his contract rights as set forth in his bill and as related to the three pieces of property involved, and the other a right to reclaim money inequitably withheld from him, arising out of the sale of a distinct piece of property and distant in time more than five years from the transaction set out in the bill.

This Court has said in its decree that it would not go into and determine liability on transactions occurring in 1920, as such transactions were separate and distinct on the bill, answer and decree of reference from the matters in controversy in that cause. It remitted the parties to their remedies at law in suits then pending on such matters arising in 1920. This same Court on its law side is now asked to rule that in one of the very law suits pending when the final decree was entered, the plaintiff is precluded from recovery because the decree estopped him. The result of the argument is too paradoxical to be entertained.

The plea of res adjudicata is overruled.

## SET-OFF

The account in set-off amounts to $1,670.24 and embraces a variety of items running from March 27, 1920, to November, 1925.

The testimony in support thereof consisted of a document claimed to be an account kept by the defendant Sabre. This had been introduced by him in an equity hearing and his testimony before the Master was read into the record in this case. Such testimony was exceedingly brief and general in its scope.

The account was demonstrated to be incorrect, to say the least, in many instances. For instance, it was shown beyond possibility of successful contradiction that the item of taxes, $188.14, entered as a charge against the plaintiff, was as a matter of fact paid by plaintiff himself. It was shown that the commission of $50 charged on March 27, 1920, was not proper and this was not contradicted. The insurance premiums charged on December 31, 1923, were shown to be charges extremely suspicious in their character.

It would swell this rescript to an inordinate length to attempt to deal with each item of set-off in particular and to analyze the evidence as given in direct and cross examination. The Court has considered them all. The plaintiff himself testified as to each item and he impressed the Court as a reliable witness. Either by oral testimony or by documentary proof, or by a combination of both, all of the items in set-off were disposed of adversely to the defendant. Taking into consideration the extremely dubious character of the alleged account and the very general character of the testimony in support thereof, on the weight of the evidence the Court disallows the entire set-off as claimed.

Inasmuch as the evidence does not show a distinct date when demand for payment was made, interest will be allowed from the date of the writ.

Decision for plaintiff for $4,864.67.

For plaintiff: Benjamin W. Grim.

For defendant: Charles R. Easton, Tillinghast & Collins.